UNITED STATES DISTRICT COURT

DISTRICT OF NEVADA

\* \* \*

| | |
|---|---|
| DENISE NETWON, an individual,<br><br>　　　　　　　　　　　Plaintiff,<br><br>　　v.<br><br>CREDIT SPECIALTY SERVICE, INC.,<br><br>　　　　　　　　　　　Defendant. | Case No. 2:13-cv-01721-MMD-VCF<br><br>ORDER<br><br>(Pl.'s Motion for Summary Judgment –<br>ECF No. 25) |

**I.　SUMMARY**

Before the Court is Plaintiff Denise Newton's Motion for Summary Judgment ("Motion"). (ECF No. 25.) Defendant Credit Specialty Service, Inc. ("CSS") has filed a response (ECF Nos. 26, 27), and Newton has filed a reply (ECF No. 28).  For the reasons set out below, Newton's Motion is granted in part and denied in part.

**II.　BACKGROUND**

The following facts, taken from the First Amended Complaint ("FAC") (ECF No. 21) and Motion (ECF No. 25), are undisputed. Denise Newton obtained a home loan ("the Debt") from Silver State Schools Credit Union. (ECF No. 21 ¶¶ 8, 9; ECF No. 25 at 2.) On January 14, 2013, Newton filed for Chapter 7 bankruptcy in Las Vegas. (ECF No. 25-5.) The Bankruptcy Court issued an order discharging the Debt on April 16, 2013. (ECF No. 25-6.) On August 29, 2013, the credit union assigned the Debt to CSS. (ECF No. 25 at 3; ECF No. 26-1 ¶ 3.) CSS sent a single collection letter ("the Letter") to Newton on August 30, 2013. (ECF No. 25-8.) At the time CSS sent the Letter, it believed

1  it held a valid collection agency license in the state of Nevada. (ECF No. 26-1 ¶ 2.)
2  However, as of March 2015, there is no such license recorded with the Nevada
3  Department of Business and Industry, Division of Financial Services, nor any such entity
4  registered with the Nevada Secretary of State. (ECF No. 25 at 11.)

5  Newton filed suit against CSS on September 19, 2013. (ECF No. 1.) She filed the
6  FAC on September 29, 2014. (ECF No. 21.) Newton lists three counts which include
7  claims based on the Fair Debt Collection Practices Act, 15 U.S.C. § 1962 *et seq*
8  ("FDCPA" or "the Act"), as well as three Nevada statutes: NRS § 598.649.075, NRS §
9  598.0923, and NRS § 41.600.[1] Newton now seeks summary judgment, arguing that
10 undisputed evidence shows CSS violated 15 U.S.C. §§ 1692e(2) and/or f(1) and the
11 Nevada statutes. (ECF No. 25 at 14.)

12 **III.   LEGAL STANDARD**

13 The purpose of summary judgment is to avoid unnecessary trials when there is no
14 dispute as to the facts before the court. *Nw. Motorcycle Ass'n v. U.S. Dep't of Agric.*, 18
15 F.3d 1468, 1471 (9th Cir. 1994). Summary judgment is appropriate when the pleadings,
16 the discovery and disclosure materials on file, and any affidavits "show there is no
17 genuine issue as to any material fact and that the movant is entitled to judgment as a
18 matter of law." *Celotex Corp. v. Catrett*, 477 U.S. 317, 330 (1986). An issue is "genuine"
19 if there is a sufficient evidentiary basis on which a reasonable fact-finder could find for
20 the nonmoving party and a dispute is "material" if it could affect the outcome of the suit
21 under the governing law. *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 248-49 (1986).
22 Where reasonable minds could differ on the material facts at issue, however, summary
23 judgment is not appropriate. *Warren v. City of Carlsbad*, 58 F.3d 439, 441 (9th Cir.
24 1995). "The amount of evidence necessary to raise a genuine issue of material fact is

---

[1] NRS § 649.075 requires debt collectors to obtain a license. NRS § 598.0923 defines and prohibits deceptive trade practices, one of which is conducting business without a required license. NRS § 41.600 allows victims of consumer fraud, including deceptive trade practices, to sue for damages, equitable relief, and reasonable attorney's fees.

enough 'to require a jury or judge to resolve the parties' differing versions of the truth at trial.'" *Aydin Corp. v. Loral Corp.*, 718 F.2d 897, 902 (9th Cir. 1983) (quoting *First Nat'l Bank v. Cities Service Co.*, 391 U.S. 253, 288-89 (1968)). In evaluating a summary judgment motion, a court views all facts and draws all inferences in the light most favorable to the nonmoving party. *Kaiser Cement Corp. v. Fishbach & Moore, Inc.*, 793 F.2d 1100, 1103 (9th Cir. 1986).

The moving party bears the burden of showing that there are no genuine issues of material fact. *Zoslaw v. MCA Distrib. Corp.*, 693 F.2d 870, 883 (9th Cir. 1982). "In order to carry its burden of production, the moving party must either produce evidence negating an essential element of the nonmoving party's claim or defense or show that the nonmoving party does not have enough evidence of an essential element to carry its ultimate burden of persuasion at trial." *Nissan Fire & Marine Ins. Co. v. Fritz Cos.*, 210 F.3d 1099, 1102 (9th Cir. 2000). Once the moving party satisfies Rule 56's requirements, the burden shifts to the party resisting the motion to "set forth specific facts showing that there is a genuine issue for trial." *Anderson*, 477 U.S. at 256. The nonmoving party "may not rely on denials in the pleadings but must produce specific evidence, through affidavits or admissible discovery material, to show that the dispute exists," *Bhan v. NME Hosps., Inc.*, 929 F.2d 1404, 1409 (9th Cir. 1991), and "must do more than simply show that there is some metaphysical doubt as to the material facts." *Orr v. Bank of Am.*, 285 F.3d 764, 783 (9th Cir. 2002) (internal citations omitted). "The mere existence of a scintilla of evidence in support of the plaintiff's position will be insufficient." *Anderson*, 477 U.S. at 252.

**IV.   DISCUSSION**

**A.   FDCPA**

Newton argues that by sending the Letter CSS violated two sections of the FDCPA: § 1962e(2), which forbids collectors from misrepresenting the debt at issue, and § 1693f(1), which forbids collectors from attempting to collect any amount unless the amount is permitted by law. (ECF No. 25 at 9-10.) CSS does not seriously dispute that

Newton has shown the required elements of a FDCPA claim. Instead, CSS argues that the Letter was a bona fide error, which is expressly exempted from liability by the Act. (ECF No. 26 at 7-8 (discussing 15 U.S.C. § 1692k.))

### 1.   Whether Newton has Proven a Violation

To show that CSS violated the FDCPA, Newton must show that she was a consumer who incurred a qualifying consumer debt, and that CSS was a debt collector who violated a provision of the Act while attempting to collect on that debt. *See* 15 U.S.C. 1962 *et seq.*

The Act defines a consumer as "any natural person obligated or allegedly obligated to pay any debt," and defines debt as "any obligation or alleged obligation of a consumer to pay money arising out of a transaction in which the money, property, insurance, or services which are the subject of the transaction are primarily for personal, family, or household purposes, whether or not such obligation has been reduced to judgment." 15 U.S.C. §§ 1692a(3) - (5). The Act generally defines a debt collector as "any person who uses any instrumentality of interstate commerce or the mails in any business the principal purpose of which is the collection of any debts, or who regularly collects or attempts to collect, directly or indirectly, debts owed or due or asserted to be owed or due another." 15 U.S.C. § 1692a(6).

It is undisputed that Newton is a consumer and the Debt is the type of debt described in the FDCPA. (*See* ECF No.25-3 ¶ 1; ECF No. 28-1 at 5; ECF No. 28-2 ¶ 3.) It is further undisputed that CSS is a collection agency as defined by the FDCPA. (ECF No. 27 at 2.) Newton has produced a copy of the Letter, and CSS does not dispute sending the Letter to Newton. (ECF No. 25-2 at 22; ECF No. 27 at 2.) The Letter identifies Newton's current balance as $242,701.12 and provides a form for sending payment. (ECF No. 25-2 at 22.) The debt identified in the Letter is the same debt discharged in bankruptcy. (ECF No. 27 at 2; ECF No. 28-2 ¶ 7.)  As CSS admits, if the Debt was discharged, there is no legal basis for collecting it. (ECF No. 27 at 2.)

///

Newton has produced undisputed evidence supporting each element of her FDCPA claim. The attempt to collect the Debt both misrepresented it and attempted to collect it without legal basis. Therefore, Newton has shown there are no material disputes of fact in regard to CSS's violations of § 1962e(2) and § 1962f(1).

### 2. Whether CSS May Assert a Bona Fide Error Defense

CSS's main argument is that even if the Letter misrepresented and improperly sought to collect the Debt, it cannot be held liable because it falls within the FDCPA's carve out for bona fide errors. (ECF No. 26 at 7-8.) Newton argues that CSS may not assert a bona fide error defense in its response because it did not raise the affirmative defense in its answer to the Complaint or the FAC. (ECF No. 28 at 10.)

The FDCPA is generally a strict liability statute, but it allows a narrow bona fide error defense. *Reichert v. Nat'l Credit Sys., Inc.*, 531 F.3d 1002, 1005 (9th Cir.2008). To assert such a defense, the debt collector must show by a preponderance of evidence that the violation was not intentional and resulted from a bona fide error notwithstanding the maintenance of procedures reasonably adapted to avoid any such error. 15 U.S.C. § 1692k(c). *See also McCollough v. Johnson, Rodenburg & Lauinger, LLC*, 637 F.3d 939, 948 (9th Cir. 2011). "The bona fide error defense is an affirmative defense, for which the debt collector has the burden of proof." *Reichert*, 531 F.3d at 1006 (*citing Fox v. Citicorp Credit Servs, Inc.*, 15 F.3d 1507, 1514 (9th Cir.1994))."

A defendant relying on an affirmative defense is required by Fed.R.Civ.P. 8(c)(1) to state that defense in response to a pleading. CSS did not raise the affirmative defense of a bona fide error in its answer to either Newton's original complaint or its response to Newton's FAC. (*See* ECF Nos. 16, 24.) Newton correctly argues that it was not given fair notice of a bona fide error defense, and therefore allowing CSS to raise it in response to Newton's Motion, at the 11th hour, would be unfair. The Court agrees. Though the Ninth Circuit and others have somewhat liberalized the formerly strict interpretation of Rule 8(c), a defendant still may not circumvent the requirement to gain an unfair advantage. *See Kaufman v. Unum Life Ins. Co. of Am.*, 834 F. Supp. 2d 1186, 1192 (D. Nev. 2011).

1  Allowing CSS to assert the defense now, three years after the case was filed, two years
2  after the FAC, and long after discovery has closed, would unfairly prejudice Newton.
3  Therefore, the Court agrees with Newton and will not consider CSS's argument about a
4  bona fide error.
5      For these reasons, Newton's Motion is granted with respect to her FDCPA claim.
6      **B.**    **Nevada Statutes**
7      Newton argues that CSS did not have the collections license required by Nevada
8  law when it sent the Letter. In support of her argument, Newton offers the declaration of
9  David H. Krieger, who states that on March 5, 2015, he performed an online license
10  search with the Nevada Department of Business and Industry for an entity named
11  Creditors Specialty Service, and the search did not return any result. (ECF No. 25-7 ¶¶
12  3-4.) CSS does not directly respond to Newton's argument. Instead of claiming that it
13  was properly licensed when it sent the Letter, it argues that it "believed that it had a valid
14  collection agency license in the State of Nevada, as of August 30, 2013," and its belief
15  was based on the existence of a prior license. (ECF No. 26 at 3.)
16      Newton has not met her burden in the first step of the summary judgment
17  analysis. To show that she is entitled to summary judgment on her state law claim,
18  Newton must show that it is undisputed CSS lacked a valid license when it sent the
19  Letter in August of 2013. *See KM Strategic Mgmt., LLC v. Am. Cas. Co. of Reading PA*,
20  156 F. Supp. 3d 1154, 1162 (C.D. Cal. 2015) ("The moving party bears the initial burden
21  of identifying relevant portions of the record . . . for one or more essential elements of
22  each claim upon which the moving party seeks judgment.") However, it is not clear from
23  the record whether CSS was licensed or not. The only evidence Newton points to is her
24  attorney's internet search in March 2015 — which may support the proposition that CSS
25  did not have a license a year and a half after sending the Letter, but is not helpful in
26  determining whether CSS was licensed in August 2013. In fact, in response to Newton's
27  Requests for Admission (ECF No. 25-2 at 13-14), CSS declined to admit that it did not
28  have the required licenses or certifications when it attempted to collect the Debt (ECF

No. 25-3 at 3). Furthermore, NRS § 598.0923 requires a defendant to have "knowingly" conducted business without a license to be liable for deceptive trade practices. Newton has not provided any evidence that CSS acted with knowledge.

There is therefore a genuine dispute of material fact which prevents the Court from granting summary judgment on Newton's state law claims.[2] The Motion is denied with respect to those claims.

## V. CONCLUSION

The Court notes that the parties made several arguments and cited to several cases not discussed above. The Court has reviewed these arguments and cases and determines that they do not warrant discussion as they do not affect the outcome of the Motion.

It is therefore ordered that Plaintiff's Motion for Summary Judgment (ECF No. 25) is granted in part and denied in part. It is granted with respect to her FDCPA claim, and it is denied with respect to her state law claims.

DATED THIS 14th day of November 2016.

MIRANDA M. DU
UNITED STATES DISTRICT JUDGE

---

[2] Newton briefly argues that CSS engaged in deceptive trade practices under NRS 598.0923 by violating the FDCPA. This argument is belied by the plain language of NRS 598.0923, which only refers to federal statutes "relating to the sale or lease of goods or services." The FDCPA is not such a statute.

7